**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

NINGBO YANG VOYAGE TEXTILES CO., LTD.,
a Chinese Limited Company,

                        Plaintiff,

    -against-

SAULT TRADING, A/K/A SALUT TRADING INC,
a New York Business Corporation,

                        Defendant.
-------------------------------------------------------------------X

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

18-CV-1961 (ARR) (ST)

**TISCIONE, United States Magistrate Judge:**

        Plaintiff Ningbo Yang Voyage Textiles Company ("Ningbo Yang") brought this international breach of contract suit against Defendant Sault Trading to recover the unpaid balance of a contract for the sale of goods. *See* Compl., ECF No. 1 ¶ 22–42. After Sault Trading failed to respond to the Complaint, the Clerk of Court entered a default. *See* ECF No. 8. On September 10, 2019, this Court issued a Report and Recommendation finding Sault Trading liable for Plaintiff's Convention on Contracts for the International Sale of Goods ("CISG") claim but finding that Plaintiff had not put forth sufficient evidence to prove damages. *See* R. & R. Mot. Def. J. ("R&R"), ECF No. 16, at 12. Accordingly, this Court recommended that the District Court enter a default judgment as to liability but grant leave so that Ningbo Yang could provide the court with competent evidence on damages. *Id.*

        On September 24, 2019, Ningbo Yang filed a Report and Affidavit on Damages that was denominated as an objection to this Court's R&R. *See* ECF No. 17 (listing the Report and Affidavit on Damages as an "Objection"). On October 22, 2019, Judge Allyne R. Ross adopted this Court's R&R and remanded the case to me for a determination of damages. In light of the evidence contained in the Report and Affidavit, I respectfully recommend that Ningbo Yang be awarded damages in the amount described herein.

A. **Factual Background**

This Court assumes familiarity with the underlying facts of the case. To summarize briefly, Ningbo Yang entered into an agreement with Sault Trading for the sale of silk polyester curtain products. Compl. ¶¶ 4, 9. After receiving a deposit of $10,109.00, Ningbo Yang shipped 56,760 pieces of silk curtain products for a total price of $105,773.60. Compl. ¶ 12. Ningbo Yang did not receive any payment on the contract following the initial deposit. Compl. ¶ 15. Ningbo Yang seeks to recover the outstanding balance of $95.664.60 on the contract. Compl. ¶ 1; Affirmation Supp. Mot. Def. J., ECF No. 9-2, at ¶ 6.

This Court rejected Ningbo Yang's attempt to prove damages through the submission of an affidavit that was executed by plaintiff's counsel. *See* R&R at 10. Because the affidavit did not provide a basis for finding that plaintiff's counsel had personal knowledge of the matter, this Court found that Ningbo Yang had not provided the Court with sufficient evidence to support an award of damages. *Id.*

In the Report and Affidavit, Ningbo Yang submitted evidence of text message conversations between Ningbo Yang and Sault Trading that took place on a social media cell phone app called "WeChat." *See* Report & Aff. Plaintiff maintains that the screen shots of the exchange show that "the defendant had agreed to the terms of the invoice and that a deposit of $10,109 was paid to plaintiff." *See* Report & Aff. at 1.

B. **Analysis**

Following the finding of liability after default, a court must conduct an inquiry to ascertain the amount of damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). A court may conduct a hearing or rely on detailed submissions—like affidavits, declarations, and audits—if those filings are sufficient to provide the court with reliable evidence of damages. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993). A damages award must be based on admissible evidence. *See House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (citing cases).

In order to be admissible, evidence must be relevant and properly authenticated. *See Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015) ("all relevant evidence is admissible unless an exception applies") (brackets, internal quotation marks, and ellipses omitted); *see also United States v. Tropeano*, 252 F.3d 653, 661 (2d Cir. 2001) (discussing authentication as a "condition precedent" of admissibility). "Under Rule 401, 'evidence is relevant when it has any tendency to make a material fact more or less probable than it would be without the evidence.'" *Hart*, 90 F. Supp. 3d at 257. The "requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Tropeano*, 252 F.3d at 661 (quoting Fed. R. Evid. 901).

In the Report and Affidavit, Ningbo Yang states that the Defendant is identified on WeChat as "salut trading, joey9085" and provides a screenshot of the Defendant's profile picture and user identification. Report & Aff. at 1. Ningbo Yang states that it is identified on WeChat as "Tiffina, drefewi" and also provides a screenshot of its profile page. Report & Aff. at 2. The user profile pictures are found next to the text messages that were sent by the respective user. In its affidavit, Ningbo Yang states that it was paid $10,109.00 as a deposit. A screenshot of an exchange that took place on May 10, 2017 corroborates Plaintiff's account: Defendant asks Plaintiff to "check [its] bank" for "10,109 dollars"; Plaintiff says "when i received it , i will tell you"; Defendant then says, "Hi u receive ?"; to which Plaintiff says, "yes , received it[.]" Report & Aff. at 2. Following that exchange, Plaintiff provides a screenshot of a conversation that occurred on July 24, 2017 in which a bill of lading was sent along with Plaintiff's request for Defendant to "confirm the B/L [(bill of lading).]" Report & Aff. at 3. Plaintiff said "Ok" in response to the request. Report & Aff. at 3.

Following that exchange, Plaintiff and Defendant had an extended discussion of a late payment. Report & Aff. at 4–12. Defendant claimed that he could not pay the remaining balance because one of its customers had recently withheld a payment due to an unexpected weather event. Report & Aff. at 5. Defendant urged Plaintiff to take the claim to the insurance company to make a claim for payment and Defendant promised that it could, in turn, "give u

3

some money for this help[.]" Report & Aff. at 6.  During that exchange, Plaintiff stated that "the balance payment is $95464.60." Report & Aff. at 8.  Plaintiff further stated that "$95464.60 for u are not big amount" to which Defendant responded, "i wil pay u[.]" Report & Aff. at 9.

Because this Court concluded that Ningbo Yang established liability under the CISG for breach of contract, the relevant principles of the CISG apply to determine the appropriate amount of damages.  The CISG provides:

> Damages for breach of contract by one party consist of a sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach. Such damages may not exceed the loss which the party in breach foresaw or ought to have foreseen at the time of the conclusion of the contract, in light of the facts and matters of which he then knew or ought to have known, as a possible consequence of the breach of contract.

CISG, art. 74.  Article 74 of the CISG is "designed to place the aggrieved party in as good a position as if the other party had properly performed the contract." *Delchi Carrier SpA v. Rotorex Corp.*, 71 F.3d 1024, 1029 (2d Cir. 1995) (quoting John Honnold, *Uniform Law for International Sales Under the 1980 United Nations Convention* 503 (2d ed. 1991)); *see also D & G Grp., S.R.I. v. H.A. Imp. USA*, No. 14-CV-2850 (TPG), 2015 WL 694925, at *1 (S.D.N.Y. Feb. 18, 2015) (recognizing that the CISG provides the right to receive damages when a party breaches a contract involving the sale of goods).  In this case, Plaintiff is entitled to the entire outstanding balance of the contract in order to be fully compensated for its loss.  *See, e.g.*, *Doolim Corp. v. R Doll, LLC*, No. 08-CV-1587 (BSJ) (HBP), 2009 WL 1514913, ¶ 38 (S.D.N.Y. May 29, 2009) (finding that seller was entitled to recover the outstanding balance of a contract where buyer only paid small fraction of the contract price in CISG breach of contract case).

Ningbo Yang has submitted evidence that is properly authenticated and relevant to show the amount due on the contract.  Ningbo Yang provided an affidavit from a person who has personal knowledge of the text message exchange, as the affiant was one of the participants in the conversation.  *See* Fed. R. Evid. 901(b)(1) (listing the "testimony of a witness with knowledge" as one type of evidence that satisfies the requirement to authenticate an item).  The affidavit provides a sufficient foundation for the text messages, as it alleges the social media

4

platform on which the exchange took place and provides explanations that aid in identifying the participants of the conversation. In addition, the screenshot images corroborate the affiant's account. *See* Fed. R. Evid. 901(b)(4) (listing another method of authentication as "distinctive characteristics and the like"). The images contain icons that are characteristic of a cell phone screen, such as the presence of a battery icon in the top corner and an icon that indicates the signal strength of the cell reception. *See* Aff. & Report. The images also list "salut trading" near the top of the screen above the exchange, an apparent reference to the identity assigned to the phone number with whom the sender is having the exchange. *See* Aff. & Report. Based on the distinctive characteristics present in the screenshots and the affidavit from a person with personal knowledge of the matter, this Court finds that the screenshots provide reliable evidence of a conversation between Plaintiff and Defendant regarding the breach of contract at issue in this case.[1]

Pursuant to the terms of the text message exchange and the accompanying affidavit, this Court finds that the outstanding balance of the contract is $95,464.60.[2] In the text message exchange, Plaintiff states, "the balance payment is $95464.60" and Defendant responds by saying "Listen I will pay u. I just need time." Report & Aff. at 8. Plaintiff further states,

---

[1] The statements contained in the screenshots are not hearsay because the statements were sent by the opposing party. *See* Fed. R. Evid. 801(d)(2). While it is true that the screenshots contain out-of-court statements offered for the "truth of the matter asserted," Fed. R. Evid. 801(c)(2), an exception to the hearsay rule exists if the statements of an opposing party are being offered and those statements were, in relevant part, made in a "representative capacity" or "were made by the party's agent or employee on a matter within the scope of that relationship and while it existed." *See* Fed. R. Evid. 801(c)(2)(A), (D). Based on the course of the exchange, it is reasonable to infer that the sender who was corresponding with Ningbo Yang about the contract at issue was representing the interests of Sault Trading in the capacity of an agent of Sault Trading and therefore the statements are not hearsay. The statements in the screenshots that are Plaintiffs are not hearsay because they are offered to provide context to Defendant's statements— they are not offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2); *see, e.g.*, *United States v. Lewisbey*, 843 F.3d 653, 658 (7th Cir. 2016) (holding that text messages admitted to provide context for opposing party's text messages are not hearsay because they were not offered for the truth of the matter asserted).

[2] There is a discrepancy between the amount of damages claimed in the Complaint ($95.664.60) and the amount of damages claimed in the Report and Affidavit ($95,464.60). Given this Court's finding that the Report and Affidavit contains competent evidence supporting the damages award, this Court recommends awarding the latter amount.

"$95464.60 for u are not big amount . . ." and Defendant says, "I wil pay u." Report & Aff. at 9. The affidavit itself corroborates the text messages, as the affiant states that the outstanding balance due on the contract was $95,464.60. *See* Report & Aff. at 13. Defendant clearly did not object when Plaintiff repeatedly stated the amount due on the contract and, instead, actually agreed to pay the requested amount. This Court infers that, if the outstanding balance was different from the amount requested by Plaintiff, then Defendant would have objected in the text message exchange or during the course of this litigation. After considering the evidence submitted in the Report and Affidavit, along with the evidence previously discussed in this Court's September 10 R&R, this Court finds that Plaintiff has submitted reliable evidence that it is entitled to damages in the amount of $95,464.60.

### C. Conclusion

This Court finds that Ningbo Yang has submitted competent evidence of damages and recommends awarding damages in the amount of $95,464.60 with post-judgment interest at the federal statutory rate. Counsel for Plaintiff shall immediately forward a copy of this Report and Recommendation to the Defendant and file proof of service with this Court.

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       March 6, 2020